IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. WMN-93-0366 |
| | * | |
| NICHOLAS JAMES QUEEN | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Presently pending before the Court are numerous post-conviction motions filed by Nicholas Queen. Specifically, Mr. Queen has filed a Motion to be Relieved of the Court's May 8, 1997, Order (denying relief under 28 U.S.C. § 2255), ECF No. 248, a Motion for Reconsideration of the Court's January 28, 2013, Order (denying Motion to Vacate as a successive petition under 28 U.S.C. § 2255), ECF No. 254, a Motion to Amend/Correct, ECF No. 255, and a Motion for a New Trial, ECF No. 262. For the reasons stated herein, the motions will be denied.

Mr. Queen was convicted of bank robbery and sentenced to 562 months incarceration in 1994. The Court previously decided on the merits Mr. Queen's first motion for post-conviction relief under 28 U.S.C. § 2255 on May 8, 1997. See Civ. Case No. HNM-97-1184. In his Motion to be Relieved, ECF No. 248, Mr. Queen attacks the validity of that decision. Specifically, Mr. Queen contends that, although he was in federal custody as of the date of the Court's decision on his original 28 U.S.C. §

1

2255 petition, he was not in federal custody pursuant to "an Order of this Court." As such, Mr. Queen asserts that the Court did not have jurisdiction to adjudicate his original motion. Although it is unclear how the relief he seeks would assist him in his ultimate quest to be relieved from his sentence, see generally 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."), Mr. Queen seeks to set aside this Court's order denying his original § 2255 petition as void, pursuant to Federal Rule of Civil Procedure 60(b)(4). Because Mr. Queen does not attack his conviction or argue that the Court erred in denying habeas relief on the merits, but rather alleges "some defect in the integrity of the federal habeas proceedings," the Court has jurisdiction to consider his motion. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceedings . . . [if] the judgment is void."[1] An order is "void" within the meaning of Rule 60(b)(4) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent

---

[1] The Court assumes, without deciding, that Mr. Queen's Motion is timely under Rule 60(b)(4).

2

with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005).

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress" may file a motion seeking that "the court which imposed the sentence [] vacate, set aside, or correct the sentence." Mr. Queen admits that, on the date of the Court's decision on his original habeas petition, he was in federal custody. It is clear to the Court that such custody was "pursuant to a sentence of" this Court. After his conviction, Mr. Queen was remanded to state custody to complete a previously-imposed sentence of incarceration. Upon completion of his state sentence, he was released back to federal custody to comply with the terms of this Court's October 7, 1994, order and 562-month sentence, which ran concurrently to his state sentence. Although Mr. Queen seems to equate his transfer from federal to state custody as being "effectively released" from this Court's sentence, that is simply not the case. Indeed, the Fourth Circuit has previously noted, in response to a similar challenge by Mr. Queen, that this Court "did not amend or modify [his] original sentence." United States v. Queen, No. 99-7471, 2000 WL 281700, at *1 (4th Cir. Mar. 16, 2000). Mr. Queen points to no authority to the contrary. Accordingly, because Mr. Queen was in federal custody

3

under a sentence of this Court at the time, the Court had jurisdiction to consider his § 2255 Motion.

Mr. Queen's Motion for Reconsideration of this Court's January 28, 2013, Order denying a successive § 2255 motion, ECF No. 254, is based on an inherent misunderstanding of § 2244. As this Court has noted previously, Mr. Queen has filed multiple challenges to his conviction and sentence, which have been rejected, initially on their merits and more recently as successive petitions. See, e.g., ECF No. 253 at 2 n.1 (compiling cases). Mr. Queen argues that the Court erred in dismissing his most recent Motion as successive because he had not previously raised the argument that the bank he robbed was not listed with the Federal Deposit Insurance Corporation. Mr. Queen's assertion that his recently-denied § 2255 Motion raised a new argument, however, does not mean that it was not successive. See generally 28 U.S.C. § 2244, 2255(h). Rather, to proceed, Mr. Queen must – as this Court has informed him repeatedly in the past – file in the Fourth Circuit an application for leave to file a second or successive application. See 28 U.S.C. § 2244. Mr. Queen does not assert that the Fourth Circuit has granted him leave to file a second or successive § 2255 application. Accordingly, the Motion for Reconsideration will be denied.

Mr. Queen's Motion to Amend, ECF No. 255, although somewhat unclear, appears to seek amendment to his original post-judgment motion. See ECF No. 255 at 2-3. In his Motion, he argues that, as a result of newly-discovered evidence and ineffective assistance of counsel, his conviction should be vacated. Regardless of how he captioned his pleading, however, it appears best construed as a collateral challenge to his conviction. It is the subject matter of the motion for collateral review and not its title which determines its status. See, e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998). As a result, it is a successive petition and the Court lacks jurisdiction to consider it. Additionally, because Mr. Queen has failed to make "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), this Court will not issue a certificate of appealability.

Last, Mr. Queen has filed a Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. ECF No. 262. Under Rule 33, a criminal defendant may file a motion for a new trial on the basis of newly discovered evidence "within 3 years after the verdict or finding of guilty." Mr. Queen was convicted of the underlying offense in 1994. Because his Motion for a New Trial was filed in October 2013 – nineteen years after his conviction – it is untimely and will be denied.

For the reasons set forth herein, Mr. Queen's latest-filed Motions will be denied. Accordingly, it is this 11th day of February, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Queen's Motion to be Relieved of the Court's May 8, 1997, Order as Void Pursuant to Fed. R. Civ. P. 60(b)(4), ECF No. 248, is DENIED;

2. Queen's Motion for Reconsideration of the Court's 1/28/13 Order, ECF No. 254, is DENIED;

3. Queen's Motion to Amend/Correct, ECF No. 255, is DENIED;

4. Queen's Motion for a New Trial, ECF No. 262, is DENIED;

5. A Certificate of Appealability SHALL NOT ISSUE; and

6. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum and Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Mr. Queen.

                                                  /s/
                            William M. Nickerson
                            Senior United States District Judge