IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. WMN-93-0366 |
| | * | |
| NICHOLAS JAMES QUEEN | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is a Motion to Reconsider, ECF No. 271, filed by Nicholas James Queen.  Mr. Queen seeks reconsideration of this Court's Memorandum and Order denying his motion for a new trial, ECF No. 267.  In his previous Motion, ECF No. 262, filed under Federal Rule of Criminal Procedure 33, Mr. Queen asserted that he recently discovered that the branch of the bank he robbed was not insured by the Federal Deposit Insurance Corporation, and that this Court therefore lacked jurisdiction.  This Court denied that Motion as untimely.  ECF No. 267.  Now, Mr. Queen asserts that this Court erred in denying his Motion for a New Trial because, he alleges, "subject-matter-jurisdiction can not be defaulted."[1]  ECF No. 271 at 2.  Mr.

---

[1] Mr. Queen also appears to assert that this Court has acted improperly, stating that, "by convicting the defendant without jurisdiction the court has removed all judicial immunities," and that, should the Court fail to vacate his sentence within ten days of the filing of his motion, he "will file a complaint for judicial misconduct."  ECF No. 271 at 2-3.

1

Queen now seeks for this Court to vacate both its February 11, 2014, Order, as well as Mr. Queen's bank robbery convictions.[2]

Mr. Queen's assertion that the basis of his conviction is flawed does not remedy the underlying procedural defect of his Motion for a New Trial under Federal Rule of Criminal Procedure 33 – namely, its untimeliness. See Eberhart v. United States, 546 U.S. 12, 13 (2005) (per curiam) (noting that Rule 33 deadlines are "rigid" and that courts "'may not extend the time to take any action under [Rule 33], except as stated' in Rule 33 itself") (quoting Fed. R. Crim. P. 45(b)(2)) (alterations in original).  As this Court noted in its previous Order, Rule 33 provides a three-year window within which a criminal defendant may file a motion for a new trial on grounds of newly discovered evidence.  See ECF No. 267 at 5.  Nineteen years have now passed since Mr. Queen's conviction.  Therefore, he is well outside of the time range permitted by the Rule.

Moreover, were the Court to construe Mr. Queen's original Rule 33 Motion as a § 2255 Motion, seeking for his sentence to be vacated as an illegal sentence, the Court would nonetheless deny the Motion, as Mr. Queen has not taken the procedural steps necessary before this Court can consider a successive § 2255

---

[2] Mr. Queen also appealed this Court's denial of his Motion for a New Trial to the Fourth Circuit Court of Appeals.  See ECF No. 268 (notice of appeal as to ECF No. 262).  The Fourth Circuit has since affirmed this Court's decision.  See ECF No. 272.

petition.[3]  See 28 U.S.C. § 2244.  Accordingly, the Court declines to reconsider its February 11, 2014, Order.

Therefore, it is this 14th day of July, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Mr. Queen's Motion for Reconsideration, ECF No. 271, is DENIED;
2. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum and Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Mr. Queen.

                                                                 /s/
                                         William M. Nickerson
                                       Senior United States District Judge

---

[3] The Court has informed Mr. Queen of these requirements time and again.  Before this Court may consider a successive § 2255 Motion, Mr. Queen must file in Fourth Circuit an application for leave to file a second or successive application.  See 28 U.S.C. § 2244.