```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *
                                  *
                                  *
            v.                    *   Criminal No. WMN-93-0366
                                  *
NICHOLAS JAMES QUEEN, SR.         *
                                  *
                                  *
*   *   *   *   *   *   *   *   *   *   *   *   *

**<u>MEMORANDUM & ORDER</u>**

Following his conviction and sentencing in 1994 for bank robbery, Defendant has filed over a dozen pleadings challenging that conviction and sentence.  <u>See</u> ECF No. 239 (detailing those efforts through March 2012); <u>see also</u> ECF Nos. 248, 249, 252, 262 (Defendant's more recent efforts).  These challenges were rejected, initially on their merits, more recently as successive petitions.

Defendant's most recent efforts, ECF No. 287, styled as a "Motion for the Court to Sua Sponte Examine its Subject-Matter-Jurisdiction," and ECF Nos. 286 and 288, which were simply docketed as "correspondence," all relate to Defendant's most recent theory, i.e., that he is actually innocent of the crime charged because the branch of the bank he robbed was not insured by the Federal Deposit Insurance Corporation (FDIC).  Despite the label he may give them, they are still successive petitions and his attempt to exploit an "actual innocence gateway to

federal habeas review" is unavailing.  Among other reasons, the factual predicate for his argument is belied by the same document on which he bases his most recent argument.  The letter from the FDIC indicates that its records do not show a branch of the Provident Bank of Maryland at the particular address about which Defendant inquired.  ECF No. 287-1.  The letter also states, however, "[f]or purposes of federal deposit insurance, the branch is not a separate entity from the main office."  Id.  There is no dispute that Provident Bank of Maryland was FDIC insured at the time Defendant robbed one of its branches.

Defendant's motion, ECF No. 287, and Defendant's other pleadings, ECF Nos. 286 and 288, to the extent they are intended as motions, are successive petitions and the Court lacks jurisdiction to consider them.  Additionally, because Mr. Queen has failed to make "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), this Court will not issue a certificate of appealability.  Accordingly, IT IS this 10th day of December 2015, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion for the Court to Sua Sponte Examine its Subject-Matter-Jurisdiction, ECF No. 287, is DENIED;

2) That a Certificate of Appealability SHALL NOT ISSUE;

3) That the Clerk of Court shall mail a copy of this Memorandum and Order to Defendant.

```
                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```

Dated:  December 11, 2015